FILED

MAY 14 2025

Clerk, U.S. Courts
District Of Montana
Billings Division

THOMAS K. GODFREY
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Thomas.Godfrey@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 24-93-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| KRISTOFER MIKAL WRIGHT | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, Thomas Godfrey, Assistant United States Attorney for the District of Montana, and the defendant, Kristofer Mikal Wright, and his attorney, Lisa Bazant, have agreed upon the following:

AUSA    DEF    ATTY    Date 3/7/25                                    Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to counts 2 and 6 of the indictment, to agree that he possessed a dangerous weapon in connection with count 2, and to plead true to the forfeiture allegation.

Count 2 charges Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. 841(a)(1). Count 2 carries a maximum punishment of a mandatory minimum 10 years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

Count 6 charges Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Count 6 carries a maximum punishment of 15 years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this agreement, the United States agrees to dismiss counts 1, 3, 4, 5, and 7 of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal*



AUSA   DEF   ATTY   Date

Page 2

*Procedure.* The defendant acknowledges that the agreement will be fulfilled provided: a) the United States moves to dismiss counts 1, 3, 4, 5, and 7 of the indictment of the Indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 1, 3, 4, 5, and 7 of the indictment are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charges in Counts 2 and 6 of the indictment.

In pleading guilty to Count 2, defendant acknowledges that:

First, the defendant knowingly possessed a methamphetamine and fentanyl, both Schedule II controlled substances;

Second, at the defendant possessed the methamphetamine and fentanyl with the intent to distribute it to another person; and

Third, the offense involved 50 grams or more of actual methamphetamine and a substance containing a detectable amount of fentanyl.

Additionally, the defendant acknowledges that the defendant possessed a dangerous weapon in connection with this offense.

In pleading guilty to Count 6, the defendant acknowledges that:

First, the defendant knowingly possessed a firearm;

Second, at the time the defendant possessed the firearm he had previously

AUSA   DEF   ATTY   Date 3/7/25

Page 3

been convicted of an offense punishable by more than a year of imprisonment;

Third, the defendant knew he had been convicted of such an offense; and

Fourth, the firearm travelled in or otherwise affected interstate or foreign commerce.

**5.     Waiver of Rights by Plea:**

a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

c)    The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

d)    The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where

actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

      f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

      g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

      h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| *(signed)* | *(signed)* | *(signed)* | 3/7/25 |

Page 5

own behalf.

    i)    If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

    j)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

    (k)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.**    **Recommendations:** The United States will recommend that the defendant be given three points for acceptance of responsibility if appropriate

under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG §3C1.1, or acted in anyway inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the Court is not bound by this recommendation.

The parties agree to jointly recommend that the defendant's offense level shall be increased two-levels under USSG § 2D1.1(b)(1) because the defendant possessed a dangerous weapon, in this case a firearm, in connection with a drug offense.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:**

(a) *Waiver of Appeal of the Sentence – Unconditional:* The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the



AUSA    DEF    ATTY    Date 3/7/25

constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

(b) *FOIA Waiver:* The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. **Financial Obligations:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S.



AUSA   DEF   ATTY   Date 3/7/25

Page 8

Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet defendant's obligation to pay restitution and/or a fine.

**10.    Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**11.    Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the property:

- Armscor Model 116 MKIV .22 rifle (serial number: A283637)
- FNH 5.7 handgun (serial number: 386229271)
- Two-tone Smith & Wesson SD9VE 9mm handgun (SN: FWF2182)
- Black Springfield XD9 9mm handgun (SN: BY508642)

AUSA    DEF    ATTY    Date 3/7/25    Page 9

- Black Radikal 12 Gauge shotgun (SN: W14954)
- Black Connecticut Valley Arms .50 rifle (SN:611303152198)
- Stainless Ruger .22 rifle (SN: 24716555)
- Blued Stevens .410 Shotgun (No Serial Number)
- Various ammunition
- $9,869 in U.S. Currency

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

**12.    Agreement as to Restitution:** The defendant agrees to pay restitution to the identified victim. The amount of losses caused by the defendant's criminal conduct will be determined prior to sentencing hearing. The defendant agrees that this amount of restitution may be imposed in the judgment.

The defendant agrees this restitution includes all losses caused by the defendant's criminal conduct and relevant conduct, even if such losses resulted from counts dismissed, crimes not charged, or crimes not admitted by the defendant in the factual basis supporting his plea. 18 U.S.C. § 3663A(a)(3). The

defendant reserves the right to challenge the nature and extent of the relevant conduct described above. USSG. §1B1.2(c). The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.

13. **Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. §

862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

14. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

15. **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea



AUSA    DEF    ATTY    Date                                                    Page 12

agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
THOMAS K. GODFREY
Assistant U. S. Attorney

_____
KRISTOFER MIKAL WRIGHT
Defendant

_____
LISA BAZANT
Defense Counsel