**THOMAS K. GODFREY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**Fax:  (406) 657-6989**
**Email:  Thomas.Godfrey@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 24-93-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| **KRISTOFER MIKAL WRIGHT,** | |
| **Defendant.** | |

The United States of America, represented by Thomas K. Godfrey, Assistant United States Attorney for the District of Montana, has filed an unopposed motion for a preliminary order of forfeiture.  In support of that motion, the United States sets forth the following facts:

1.      On May 20, 2025, the Defendant, Kristofer Mikal Wright, pleaded guilty to Count 2 of the Indictment, which charges possession with intent to

1

distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and Count 6 of the Indictment, which charges prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

2.     A preliminary order of forfeiture is necessary for the Bureau of Alcohol, Tobacco, Firearms and Explosives and the United States Marshals Service to seize the following property, which is subject to forfeiture[1]:

- Black Connecticut Valley Arms, .50 rifle, serial no. 611303152198; and

- $2,869 in U.S. Currency

3.     The evidence set forth in the Offer of Proof filed by the government, in conjunction with Wright's entry of guilty plea, provides an ample basis for an order of forfeiture in accordance with 21 U.S.C. § 853(a)(1) and (2) and 18 U.S.C. § 924(d).

4.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the Court may enter a preliminary order of forfeiture after a verdict has been returned containing a finding that property is subject to criminal forfeiture or if a defendant enters a guilty plea subjecting property to such forfeiture.  Rule 32.2 does not

---

[1] The other property listed in the plea agreement to be forfeited has been forfeited through the administrative forfeiture process and for that reason is not included here.

require the Court to await sentencing in order to commence the ancillary proceeding by entering its preliminary order of forfeiture.

5.      Upon issuance of a preliminary order of forfeiture, the United States will provide written notice to all third parties asserting a legal interest in any of the above-described property and will post on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Court's preliminary order and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853(n)(1).

Accordingly, the United States respectfully requests that this Court enter a preliminary order of forfeiture forfeiting to the United States Wright's interest in the property described above and ordering the United States Marshals Service and the Bureau of Alcohol, Tobacco, Firearms and Explosives to seize the forfeited property pending the adjudication of any third party claims and then to dispose of it in accordance with the law.

DATED this 1st day of July, 2025.

KURT G. ALME
United States Attorney


/s/ Thomas K. Godfrey
THOMAS K. GODFREY
Assistant U.S. Attorney

3