**THOMAS K. GODFREY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Avenue North**
**Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX:  (406) 657-6989**
**E-mail: Thomas.Godfrey@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**KRISTOFER MIKAL WRIGHT,**<br><br>Defendant. | **CR 24-93-BLG-SPW**<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States, represented by Assistant U.S. Attorney Thomas K.

Godfrey, files the following regarding the sentencing hearing set in this case on

March 27, 2026.

## INTRODUCTION

The defendant pled guilty to counts 2 and 6 of the indictment, possession

with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  PSR ¶¶ 4, 6. The two counts are grouped for purposes of the advisory sentencing guidelines.  PSR ¶ 30.  The presentence report calculated the defendant's advisory guideline range at 168 to 210 months.  PSR ¶ 96.  The United States recommends the Court impose a sentence of 118 months of imprisonment to be followed by 5 years of supervised release.

**ARGUMENT**

### A.     The Offense

On March 20, 2024, Kristofer Wright was wanted on an active warrant for his arrest by Wyoming probation.  He was also being investigated for distributing drugs.  He was located by the US Marshall's Service at ABC Mini Storage in Billings and was arrested. Wright had been surveilled driving to a storage in a Jeep Grand Cherokee.  Law enforcement obtained warrants for the Jeep Grand Cherokee.  Inside the jeep two loaded firearms, ammunition, and 35.2 grams of actual methamphetamine were located.

On May 31, 2024, Wright was again in Billings with an active warrant for his arrest on his Wyoming case.  The USMS and MT DCI again coordinated to arrest him in Billings.  Wright was observed in a Jeep Cherokee at the Howard Johnson motel and then law enforcement followed him around Billings.  He parked

at a residence and the USMS prepared to effect an arrest.  As they prepared, he came back out of the residence and got in his Jeep.  In front of his jeep was an old broken-down van.  Law enforcement got behind Wright's vehicle in a "pin" maneuver and made contact with his bumper.  Their emergency lights were on and a MT Highway Patrol officer also in a marked vehicle with lights and sirens was present as well.

Wright ignored commands, started his jeep, and attempted to ram his way into the broken van in front of him free from the pin.  He also tried to reverse into a marked vehicle.  Ultimately law enforcement had to use less-lethal bean bag shotgun rounds to break his windows to get Wright to surrender.

A search warrant was executed on the jeep and inside law enforcement located two firearms, ammunition, 253.7 grams of actual methamphetamine, and 90.8 grams of fentanyl.

The defendant is prohibited from possessing firearms and ammunition due to previous federal and state felony convictions.

The ATF did an interstate nexus evaluation of the firearms and determined they were not manufactured in Montana and thus affected interstate commerce.

**B.    Criminal History and Background**

The PSR has the Defendant at a criminal history category of V.  The defendant's previous adult convictions are listed in paragraphs 43 through 48 of

the PSR.

### C.   Sentence Recommendation

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the Defendant; and (6) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the Defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

The defendant's conduct in this case is serious.  The defendant was engaged in trafficking in methamphetamine and fentanyl while in possession of firearms. On two occasions law enforcement found the defendant in possession of sales quantities of drugs, firearms and paraphernalia.  The first involved 35.2 grams of actual methamphetamine.  After he was arrested on that case he was mistakenly released from jail.  And within a month and a half the defendant was found in a

vehicle by law enforcement.  He attempted to escape in his vehicle, but he was pinned in by law enforcement and his attempts to dislodge his vehicle from the law enforcement vehicles failed.  On that occasion he had 253.7 grams of pure methamphetamine, 90.8 grams of fentanyl (831 total pills), firearms, and thousands of dollars.

The defendant is a criminal history category of V.  His felony criminal history is long going back to when he was 19 and he committed the current offense while under the supervision of the state of Wyoming for another drug offense. PSR ¶¶ 48, 50. In 2014, he has convictions for the same crimes that are before the court, possession with intent to distribute methamphetamine and felon in possession of a firearm out of this very district.  PSR ¶ 45.

The distribution of methamphetamine and fentanyl does substantial damage to the communities the drugs are trafficked in.  The possession of firearms during drug trafficking adds a further level of danger to the conduct as people are willing to do harm to gain and protect drugs.  Additionally, given the amount of drugs the defendant was found with and the amount of cash he had on hand it is clear he was not just distributing simply to support his own habit but also to make a profit. Previously custodial sentences have not deterred his criminal conduct nor have the supervision of felony courts.  For those reasons a substantial sentence is warranted here.

The United States respectfully requests that the Court impose a sentence of 118 months to be followed by 5 years of supervised release.

DATED this 12th day of March, 2026.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney